IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SCHUMAN AVIATION COMPANY, LTD, dba MAKANI KAI HELICOPTERS,<br><br>    Plaintiff and Counterclaim Defendant,<br><br>    vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant and Counterclaim Plaintiff. | CV. NO. 08-00289 SOM-BMK<br><br>FINDINGS AND RECOMMENDATION THAT DEFENDANT'S BILL OF COSTS BE GRANTED |

## FINDINGS AND RECOMMENDATION THAT DEFENDANT'S BILL OF COSTS BE GRANTED

Before the Court is Defendant United States of America's Bill of Costs. (Doc. # 58.) After careful consideration of the Bill of Costs, the supporting and opposing memoranda, and the attached documentation, the Court FINDS and RECOMMENDS that the Government's Bill of Costs be GRANTED.[1]

Briefly stated, this case stems from Plaintiff Schuman Aviation

---

[1] Pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules"), the Court elects to decide this matter without a hearing.

1

Company Ltd's ("Schuman Aviation") challenge to the Government's imposition of the Air Transportation Excise Tax on its air tour operations during certain periods. (Order Granting Summ. J., Doc. # 55 at 1.) Schuman Aviation asserted that the tax did not apply to its operations because it did not operate aircraft "'on an established line,' as contemplated by the relevant portion of the Internal Revenue Code." (Id.) Both parties filed motions for summary judgment, and Chief Judge Susan Oki Mollway granted the Government's motion for summary judgment. (Id.) Chief Judge Mollway concluded that Schuman Aviation operated aircraft on an established line because: 1) it operated air tours between two definite points; 2) it operated the air tours with some degree of regularity; and 3) it controlled the air tours sufficiently to render its tours "on an established line." (Id. at 16-31.) The Government filed the instant Bill of Costs, asserting that it is entitled to $4,521.68 in costs for seven deposition transcripts. (Mem. in Supp. of Bill of Costs, Doc. # 58 at 2.) The Government asserts the deposition transcripts were necessary for trial preparation because the people deposed "were in charge of and/or involved in the areas of [Schuman Aviation]'s operation that were necessary to determine whether the sightseeing tours at issue were operated on an established line." (Id.) The Government also asserts that the deposition transcripts were necessary "to determine the basis of [Schuman Aviation]'s calculation argument."

(Id.) In opposition, Schuman Aviation asserts that the Government's depositions were unnecessary and excessive in light of other information produced by the Government, and that it is inequitable to impose costs on Schuman Aviation because it is a small company with few employees. (Mem. in Supp. of Obj. to Bill of Costs, Doc. # 61 at 3-5.)[2]

Rule 54(d)(1) of the Federal Rules of Civil Procedure ("FRCP") provides that "[u]nless a federal statute, these rules or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Local Rule 54.2(f) provides that the cost for deposition transcripts "necessarily obtained for use in the case is allowable" and that a "deposition need not be introduced in evidence or used at trial, so long as, at the time it was taken, it could reasonably be expected that the deposition would be used for trial preparation, rather than mere discovery." One of the critical issues in the case was the frequency and flight pattern of the air tours. (Order Granting Mot. Summ. J., Doc. # 55 at 16-31.) The Government seeks costs for the deposition transcripts of the president, employees, accountant, and marketing director of Schuman

---

[2] Schuman Aviation also asserts that the award of costs is discretionary rather than mandatory (Mem. in Supp. of Obj. to Bill of Costs, Doc. # 61 at 2), but it is unnecessary to address this argument because the Government has not argued that the award of costs is mandatory and, as discussed below, the Court has determined that the award of costs is appropriate in this case. (See Mem. in Supp. of Bill of Costs, Doc. # 58 at 2.)

3

Aviation's tour company. (Dep. of G.R. Schuman, Doc. # 40 Ex. 14 at 9); (Dep. of D. Schuman, Doc. # 40 Ex. 15 at 6-7); (Dep. of C. Lanza, Doc. # 40 Ex. 16 at 5); (Dep. of C. Crawford, Doc. # 40 Ex. 17 at 5); (Dep. of E. Miyasato, Doc. # 40 Ex. 18 at 5); (Dep. of T. Schuman, Doc. # 40 Ex. 19 at 9); (Dep. of P. O'Reilley, Doc. # 43 Ex. 9 at 9.)[3] The Court FINDS that the deposition transcripts were reasonably necessary for trial preparation. With respect to Schuman Aviation's argument that it is inequitable to impose costs, it has not pointed to any evidence in its opposition that it is a "very small business with few employees" and can avoid the taxation of costs on that basis. (Mem. in Supp. of Obj. to Bill of Costs, Doc. # 61 at 4-5.) Therefore, the Court RECOMMENDS that the Bill of Costs be GRANTED.

## CONCLUSION

For the foregoing reasons, the Court FINDS and RECOMMENDS that the Government's Bill of Costs be GRANTED.

---

[3] The page numbers referred to are the pdf page numbers rather than the transcript page numbers.

IT IS SO FOUND AND RECOMMENDED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: October 31, 2011

SCHUMAN AVIATION COMPANY, LTD. V. UNITED STATES OF AMERICA; CV. NO. 08-00289 SOM-BMK; FINDINGS AND RECOMMENDATION THAT DEFENDANT'S BILL OF COSTS BE GRANTED